Joseph P. Cook
RAGAIN & COOK, PC
3936 Avenue B, Suite A-2
Billings, MT 59102
Telephone (406) 651-8888
Facsimile (406) 651-8889
joe@lawmontana.com

Attorneys for Plaintiffs

MONTANA FOURTEENTH JUDICIAL DISTRICT COURT, MUSSELSHELL COUNTY

| | |
|---|---|
| ROBERT NEWMAN, individually, as Personal Representative on behalf of THE ESTATE OF JACKIE ANN NEWMAN, and on behalf of STEPHANIE NEWMAN and MANDY NEWMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Cause No. DV-17-11<br><br>Judge Randall I. Spaulding<br><br>**NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE AND WAIVE SERVICE OF A SUMMONS** |

TO:   Farmers Alliance Mutual Insurance Company
       By and Through
       Montana Insurance Commissioner
       P O Box 4009
       Helena, MT 59604:

**Why are you getting this?**

   A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

-1-

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you acknowledge and waive formal service of a summons by signing and returning the enclosed acknowledgment and waiver. To avoid these expenses, you must return the signed acknowledgment and waiver within 21 days (42 days if you are the State of Montana, a state agency, or a state officer or employee) from the date shown below, which is the date this notice was sent. Two copies of the acknowledgment and waiver are enclosed, along with a stamped, self-addressed envelope, or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed acknowledgment and waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 30 days from the date you sign the acknowledgment and waiver to answer the complaint.

If you do not return the signed acknowledgment and waiver within the time indicated, I will arrange to have the summons and complaint served upon you, and I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

DATED this 16th day of March, 2017.

        RAGAIN & COOK, P.C.

        By _____
        Joseph P. Cook
        *Attorneys for the Plaintiff*

Joseph P. Cook
RAGAIN & COOK, PC
3936 Avenue B, Suite A-2
Billings, MT 59102
Telephone (406) 651-8888
Facsimile (406) 651-8889
joe@lawmontana.com

Attorneys for Plaintiffs

CLERK OF THE
DISTRICT COURT
[illegible] ERSON

2017 MAR 13 PM 2 44

FILED
Teresa G Fauth
BY _____
CLERK/DEPUTY

MONTANA FOURTEENTH JUDICIAL DISTRICT COURT, MUSSELSHELL COUNTY

| | |
|---|---|
| ROBERT NEWMAN, individually, as Personal Representative on behalf of THE ESTATE OF JACKIE ANN NEWMAN, and on behalf of STEPHANIE NEWMAN and MANDY NEWMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Cause No. DV – 17 – 11<br><br>Judge Randall I. Spaulding<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

For their complaint, Plaintiffs, through counsel, allege and state, upon information and belief:

## INTRODUCTION

1. This is a civil bad faith action to recover damages caused by the Defendant's unreasonable, incomplete and wrongful denial of third-party and first-party claims of the Newman family following the death Jackie Ann Newman.



## PARTIES

2. Robert Newman is the duly appointed Personal Representative of the Estate of Jackie Ann Newman. Robert has been, at all times relevant, a resident of the town of Melstone, Musselshell County, Montana. Robert and Jackie were married on May 13, 1987, and they were married at the time of Jackie's death on October 15, 2015. They had two daughters, Stephanie and Mandy, who were 24 and 22 years old respectively at the time of Jackie's death. Robert and Jackie were named insureds under Defendant Farmers Alliance Mutual Insurance Company's Policy Number AR209246APV01 (Newman Policy) on October 15, 2015. The Newman's 2013 Dodge Ram Pickup truck was insured under the policy as well.

3. Defendant Farmers Alliance Mutual Insurance Company ("FAMIC") is Kansas company with its principal office located at 1122 N Main Street, McPherson, Kansas. FAMIC was at all times relevant authorized to transact the business of insurance in the State of Montana.

## FACTUAL BACKGROUND

4. On October 15, 2015, shortly after 5 p.m., Mr. James C. Crowley, while driving the Newman's 2013 Dodge Ram 3500 dually pickup truck pulling a 28-foot horse trailer westbound on U.S. Highway 12 in Musselshell County, Montana, struck and killed Jackie Newman while she was operating an ATV.

5. On October 15, 2015, FAMIC insured Mr. Crowley while operating the Newman's pickup truck, pursuant to the Newman Policy, with policy limits of $500,000.

6. On October 15, 2015, Mr. Crowley was also covered by policies issued by QBE Farmers Union Insurance and Farmers Union Mutual Insurance Company.

7. Just prior to the collision, Jackie and Robert Newman, along with Justin Kincheloe and another hired hand, Pedro, were moving cow-calf pairs across US Highway 12 from their home corrals into a pasture on the north side of the highway near mile marker 206.

8. Mr. Crowley had been working with the Newmans prior to the collision, and he knew the route and location of where the cattle and workers would be crossing the highway.

9. Mr. Crowley approached mile marker 206 with his vision allegedly obstructed by sun glare and his attention admittedly distracted by a cookbook his passenger and fiancé, Stephanie Newman, was looking through. Mr. Crowley had just given Stephanie the book as a present from his mother.

10. At the same time, a calf ran up towards the north shoulder of the highway.

11. Jackie, on an ATV, followed the calf in an attempt to keep it off the roadway.

12. Jackie's ATV was on the fog line, completing an arc like maneuver when she was struck from behind by the truck operated by Mr. Crowley.

13. The collision killed Jackie.

14. Mr. Crowley saw neither the calf nor Jackie until immediately prior to impact.

15. Robert Newman witnessed the entire event from horseback.

16. Justin Kincheloe witnessed the entire event from horseback.

17. Stephanie Newman was inside the cab of the truck the entire time leading up to the collision.

18. Mr. Crowley immediately drove into Melstone following the collision because there was no cell phone service at the scene. Mr. Crowley called 911 dispatch and reported he was travelling 60-65 mph at the time of the collision.

19. The Montana Highway Patrol investigated the collision, and produced a report identified by Crash Number 50074386-03 (MHP Report).

20. Mr. Newman made a claim for insurance benefits on or about November 2, 2015 to FAMIC, and the claim was assigned to Ms. Kathy Brick for claim handling.

21. Ms. Brick's liability investigation consisted entirely of reviewing the MHP Report, interviewing Mr. Crowley, and viewing scene and vehicle photos.

22. Ms. Brick knew Mr. Crowley and Stephanie Newman were engaged to be married at the time the claim was made, when she was interviewing Mr. Crowley, and when she denied the claim.

23. In the MHP Report, the investigating officers concluded "[t]he factors in this crash include the inattentiveness of both drivers, and the glare of the sun in Mr. Crowley's eyes." Also, the officer reported "Mr. Crowley was distracted by the cookbook his

passenger, Stephanie Newman, was looking at in the interior of the vehicle. Mr. Crowley looked down at the cookbook just prior to the crash."

24. Prior to denying the claim, Ms. Brick did not conduct, and did not attempt to conduct, recorded statements of any eye witnesses, including Robert Newman, Stephanie Newman or Justin Kincheloe.

25. Prior to denying the claim, Ms. Brick did not interview the Montana Highway Patrol investigating officers.

26. Prior to denying the claim, Ms. Brick did not request any scene reconstruction.

27. Ms. Brick conducted an investigation simply to support a denial, and failed to properly consider information to support a finding of liability on Mr. Crowley's behalf.

28. On December 16, 2015, without conducting a reasonable investigation, Ms. Brick issued an outright denial of Robert Newman's first-party claim for medical payment benefits, the Newman family's third-party claims against Mr. Crowley.

29. Ms. Brick never notified the Newman family that Mr. Crowley possessed additional insurance coverage through other carriers.

30. Following the December 16, 2015 denial, Robert Newman reported a complaint to the Montana State Auditor's office because he believed FAMIC's denial was unreasonable and erroneous.

5

31. Ms. Brick responded on FAMIC's behalf to the Montana State Auditor by letter on February 11, 2016, and only listed facts to support a denial and did not describe any consideration of facts contrary to her conclusion.

32. The Estate of Jackie Newman, Robert Newman, Stephanie Newman and Mandy Newman have suffered and continue to suffer emotional, mental and financial damages caused by FAMIC's actions including its unreasonable and perfunctory investigation.

## COUNT ONE - BAD FAITH BREACH OF CONTRACT

**(on behalf of Robert Newman, Individually and as Personal Representative of the Estate of Jackie Newman)**

32. Plaintiffs incorporate Paragraphs 1 through 31 as if fully set forth herein.

33. The contract of insurance between FAMIC and Robert and Jackie Newman involved a special relationship as that term is defined under Montana Law.

34. FAMIC had a duty to act honestly and observe reasonable commercial standards of fair dealing and trade with respect to its contract of insurance with Robert and Jackie Newman.

35. FAMIC used its discretion conferred by the contract of insurance to act dishonestly and outside of the accepted commercial practices. This conduct by FAMIC deprived Robert Newman and the Estate of Jackie Newman of the benefits of said contract of insurance.

36. FAMIC violated its duties and obligations owed to Robert Newman and the

Estate of Jackie Newman by virtue of its insuring agreement and as such breached its contract of insurance with them by failing to timely and completely provide insurance coverage for the claimed medical payment benefits and failing to reasonably and fairly investigate the liability claim under the Newman Policy. FAMIC's conduct in this regard was malicious as that term is defined in punitive damage law in Montana.

37. As a result of FAMIC's wrongful failure to perform the insurance contract in good faith pursuant to Montana law, and as promised and represented, Robert Newman and the Estate of Jackie Newman have suffered and continue to suffer substantial injury and damage for which FAMIC is liable for all damages available under Montana law including but not limited punitive and compensatory damages.

## COUNT TWO - UNFAIR TRADE PRACTICES
### (on behalf of all Plaintiffs)

38. Plaintiffs incorporate Paragraphs 1 through 37 as if fully set forth herein.

39. FAMIC owed duties to Plaintiffs under Montana law embodied in the Unfair Trade Practices Act, §33-18-201, MCA, et. seq. ("UTPA"), which governs the conduct and activities of individuals, as well as insurance companies in this state in their relationships with both insureds and third parties.

40. FAMIC breached its duties and obligations owed to Plaintiffs by its violations of Montana's Unfair Trade Practices Act, to include, but not limited to: (1) refusing to pay claims without conducting a reasonable investigation based upon all available information;

7

(2) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (3) misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; (4) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

30.   FAMIC's actions, as described in the preceding paragraphs, are malicious, as that word is given efficacy by Montana law, and such malicious breaches of duties and obligations by FAMIC entitle Plaintiffs to an award of all compensatory damages allowed by Montana law, as well as punitive damages of sufficient size and monetary amount, under the financial circumstances of the Defendant, and its conduct and misconduct in this entire matter, so as to properly discharge and serve the salutary purposes of punitive damages under Montana law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs make demand against Defendant for all compensatory and other damages available under Montana law together with interest, and an award of substantial punitive damages, together with attorney fees, all of which the Court and the jury might find appropriate and fair under these circumstances.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all of the issues in this action.

2/ DV-17-11

Joseph P. Cook
RAGAIN & COOK, PC
3936 Avenue B, Suite A-2
Billings, MT 59102
Telephone (406) 651-8888
Facsimile (406) 651-8889
joe@lawmontana.com

Attorneys for Plaintiffs

**ORIGINAL**

MONTANA FOURTEENTH JUDICIAL DISTRICT COURT, MUSSELSHELL COUNTY

| | |
|---|---|
| ROBERT NEWMAN, individually, as Personal Representative on behalf of THE ESTATE OF JACKIE ANN NEWMAN, and on behalf of STEPHANIE NEWMAN and MANDY NEWMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Cause No. DV - 17 - 11 <br><br> Judge Randall I. Spaulding <br><br> SUMMONS |

TO: Farmers Alliance Mutual Insurance Company, Defendant.

A lawsuit has been filed against you.

Within 21 days after service of this summons on your or (42 days if you are the State of Montana, a state agency, or a state officer or employee), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil Procedure. Do not include the day you were served in your calculation of time. The answer

1

2