IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT NEWMAN, individually, as Personal Representative on behalf of THE ESTATE OF JACKIE ANN NEWMAN, and on behalf of STEPHANIE NEWMAN and MANDY NEWMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMERS ALLIANCE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CV 17-47-BLG-TJC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY ATTORNEY JOSEPH P. COOK AS TRIAL COUNSEL** |

Plaintiff Robert Newman, individually, as Personal Representative on behalf of the Estate of Jackie Ann Newman, and on behalf of Stephanie Newman and Mandy Newman ("Plaintiffs" or the "Newman family") brings this action against Defendant Farmers Alliance Mutual Insurance Company ("Farmers Alliance") for bad faith breach of contract and unfair trade practices arising out of Farmers Alliance's investigation and denial of the Newman family's claims following the death of Jackie Ann Newman. (Doc. 1-3.)

Presently before the Court is Farmers Alliance's Motion to Disqualify Plaintiff's Attorney Joseph P. Cook as Trial Counsel. (Doc. 10.) The motion is fully briefed and ripe for the Court's review. (Docs. 11, 18, 19.)

1

Having considered the parties' submissions, the Court **DENIES** Farmers Alliance's Motion to Disqualify.

I.  **BACKGROUND**

On October 15, 2015, a fatal collision occurred between a pickup truck and trailer driven by James C. Crowley and an ATV operated by Jackie Ann Newman on U.S. Highway 12 in Musselshell County, Montana. (Doc. 1-3 at ¶ 4.) Mrs. Newman was killed in the accident. (*Id.* at ¶ 13.) The pickup truck was owned by the Newmans and insured under a Farmers Alliance policy. (*Id.* at ¶ 2.) Robert and Jackie Newman were named insureds under the policy. (*Id.*)

On November 2, 2015, Mr. Newman made a claim for insurance benefits. (*Id.* at ¶ 20.) On December 16, 2015, Farmers Alliance denied Mr. Newman's first-party claim for medical payment benefits, and the Newman family's third-party claims against Mr. Crowley. (*Id.* at ¶ 28.)

On February 1, 2016, Mr. Newman filed a Consumer Complaint with the Montana Commissioner of Securities and Insurance. (*Id.* at ¶ 30; Doc. 18-3.) In his complaint, Mr. Newman indicated he was not represented by an attorney. (Doc. 18-3 at 1.) Farmers Alliance responded to the Insurance Commissioner by letter on February 11, 2016, again denying coverage. (Doc. 18-4.) On February 18, 2016, the Insurance Commissioner's office relayed Farmers Alliance's response to Mr. Newman. (Doc. 18-5.)

After Mr. Newman's liability claims had been formally denied twice by Farmers Alliance, he consulted with and retained attorney Joseph P. Cook on March 2, 2016. (Doc. 18-2.) Mr. Newman had not consulted with Mr. Cook prior to either the December 16, 2015 or the February 18, 2016 denials. (*Id.*)

On March 7, 2016, Mr. Cook wrote a letter to Farmers Alliance notifying the insurer of his representation of Plaintiffs. (Doc. 11-1.) Mr. Cook wrote a subsequent policy limits demand letter to Christopher C. Voigt on May 10, 2016. (Doc. 11-2.) In the letters, Mr. Cook made several statements characterizing the events surrounding the accident as supporting liability against Mr. Crowley. (*Id.*)

Farmers Alliance now moves the Court to disqualify Mr. Cook as trial counsel under Montana Rule of Professional Conduct 3.7. Farmers Alliance contends the statements Mr. Cook made in his letters are not supported by the evidence in the record, and therefore, he has inserted himself as a necessary witness in the case.

Plaintiffs respond that this case solely concerns the actions and inactions of Farmers Alliance prior to denying the Newman family's claims in December 2015 and February 2016. Plaintiffs argue Mr. Cook did not become involved in the case until after the alleged bad faith conduct had occurred, and note that he was not a witness to any of the contested issues in the underlying case. Plaintiffs also assert

Mr. Cook's descriptions of the events in his letters are advocacy based upon interpretation of the reported facts.

## II.  DISCUSSION

Rule 3.7 of the Montana Rules of Professional Conduct provides:

(a)  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1)  the testimony relates to an uncontested issue;

(2)  the testimony relates to the nature and value of legal services rendered in the case; or

(3)  disqualification of the lawyer would work substantial hardship on the client.

Mont. R. Prof. Conduct 3.7.

 "Because Rule 3.7 can be 'invoked for tactical advantage, delay or other improper purposes,' the movant must make the showing that an attorney is likely to be a necessary witness 'with specificity.'" *Nelson v. Hartford Ins. Co. of the Midwest*, 2012 WL 761965, *4 (D. Mont. Mar. 8, 2012). The moving party bears the burden of showing disqualification is necessary. *Id.* at *3. Courts within this district have recognized that an attorney in a bad faith case may be subject to disqualification if the attorney also represented the plaintiff in the underlying suit, and is likely to be a necessary witness in the subsequent action. *See e.g. Nelson*, 2012 WL 761965 at *4; *Northern Montana Hospital v. Continental Casualty Company*, CV-90-57-GF-GH, Doc. No. 32-1 (D. Mont. May 14, 1993); *Pumphrey*

4

*v. Cincinnati Insurance Company*, CV-05-14-BLG-CSO, Doc. No. 80 (D. Mont. Mar. 9, 2007). However, "a categorical exclusion from bad faith actions of the attorney who represented the plaintiff in the underlying action is too broad." *Nelson*, 2012 WL 761965 at *4.

In *Northern Montana Hospital*, the Court held Rule 3.7 prevented the plaintiff's counsel from representing the plaintiff in a third-party bad faith action. *Northern Montana Hospital*, CV-90-57-GF-GH, Doc. No. 32-1 at 11-14. The Court noted the attorneys represented the plaintiff "throughout the underlying action," and had directly participated and/or observed events giving rise to the facts being disputed in the subsequent bad faith case. *Id.* at 11. The Court also noted the insurer's defense to the bad faith claim was that the plaintiff's attorneys' actions impacted their decisions in the underlying litigation. *Id.* The Court held the plaintiff's counsels' testimony would be "without a doubt, material and relevant, given the fact their strategy and decisions during the course of the underlying litigation are in issue, having directly impacted on the litigation strategy employed by [the defendant.]" *Id.* at 14.

Likewise, in *Pumphrey*, the Court disqualified the plaintiff's attorney in a bad faith case where she had directly participated in negotiations surrounding an IME of the plaintiff, and in settlement negotiations with the defendant insurance company in the underlying litigation. *Pumphrey*, CV-05-14-BLG-CSO, Doc. No.

80 at 3. The Court concluded the attorney was likely to be a necessary witness in the subsequent bad faith action because the defendants indicated plaintiff's counsel's "decisions and strategy in the underlying case directly impacted the litigation strategy employed by Defendants' insured." *Id.*

In *Nelson*, the Court disqualified the plaintiff's counsel in a bad faith insurance case because she was the only first-hand witness to some of the underlying facts, including conversations and interactions she had with insurance agents during the underlying litigation. *Nelson*, 2012 WL 761965 at *5. The attorney was deemed to be a material and relevant witness for both parties. *Id.*

This case is clearly distinguishable from *Nelson*, *Northern*, and *Pumphrey* because Mr. Cook was simply not involved in the case during the time frame that Farmers Alliance's alleged bad faith occurred. The allegations in the Complaint are limited to the conduct of Farmers Alliance prior to its denial of the Newman family's claims in December 2015 and February 2016. Farmers Alliance had finished its investigation and twice denied the Newman family's claims before Mr. Newman ever consulted with Mr. Cook. Therefore, Mr. Cook did not participate in, or observe first-hand, any of Farmers Alliance's actions during the relevant time period. Moreover, there is no indication Farmers Alliance's claims handling during that time was in any way impacted by Mr. Cook's actions. In addition, Plaintiffs do not allege bad faith based on Farmers Alliance's response to Mr.

Cook's demand letters. Nor are Plaintiffs attempting to re-litigate the underlying liability case. Although Mr. Cook's letters expressed his interpretation of the facts surrounding the underlying accident, he was not a witness to any of the events surrounding the accident, he has no personal knowledge of the accident, and would not be qualified to testify regarding the accident in any event.

The Court finds, therefore, that Farmers Alliance has not met its burden to show with specificity that Mr. Cook is a necessary witness to any of the contested issues in this case. Accordingly, the motion to disqualify will be denied.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Farmers Alliance's Motion to Disqualify Counsel Joseph P. Cook as Trial Counsel (Doc. 10) is **DENIED**.

DATED this 10th day of August, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge